IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Francis J. KORTSCH, Attorney at Law.

Supreme Court

*No. 95–0059–D. Filed May 22, 1995.*

(Also reported in 532 N.W.2d 121.)

PER CURIAM.  *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Francis J. Kortsch to practice law in Wisconsin be suspended for 60 days as discipline for his having continued to practice law in another jurisdiction while he was suspended from the practice

of law in Wisconsin for failure to comply with continuing legal education requirements. In addition, Attorney Kortsch did not cooperate with the Board of Attorneys Professional Responsibility (Board) during its investigation of the matter. We determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Kortsch's professional misconduct.

Attorney Kortsch was admitted to practice law in Wisconsin in 1988 and currently resides in Commerce, Michigan. He has not previously been the subject of a disciplinary proceeding in Wisconsin, although his license to practice in this state remains suspended for failure to comply with continuing legal education requirements.

The referee in this proceeding, Attorney John R. Decker, made findings of fact consistent with Attorney Kortsch's no contest plea to the allegations of the Board's complaint. In October, 1988, Attorney Kortsch was admitted to practice before the United States District Court for the Eastern District of Michigan, based on his being a member in good standing of the Wisconsin bar. In June, 1993, the Board of Bar Examiners notified him that he was suspended from the practice law in Wisconsin for his failure to comply with continuing legal education requirements.

Notwithstanding that he was aware of that suspension, Attorney Kortsch continued to appear in a case pending in the federal district court of Michigan from June to October, 1993 but he did not notify that court of his suspension in Wisconsin. In addition to representing a party in a two-week jury trial in the middle of June, 1993, Attorney Kortsch filed three actions in that court following notification of his Wisconsin suspension.

31

When the partners in the Michigan law firm at which Attorney Kortsch was engaged in practice learned of his Wisconsin suspension in October, 1993, they notified the State Bar of Wisconsin and the Michigan federal court of his activities. The federal district court ordered him to show cause why he should not be held in criminal contempt for failing to notify it of his suspension, as a local rule of that court required him to do. Following a trial, that court found Attorney Kortsch not guilty of criminal contempt but found that he had violated the local rule and fined him $2,500. During that trial, Attorney Kortsch admitted that he was continuing to practice law in Wisconsin during the period of his suspension.

When the Board of Attorneys Professional Responsibility initiated an investigation into this matter and wrote to Attorney Kortsch requesting a response, Attorney Kortsch did not reply, nor did he reply to two subsequent certified letters from the Board. When served with a notice to appear before the Board staff, Attorney Kortsch asserted his Fifth Amendment rights on the ground that he was awaiting final disposition of the criminal contempt proceeding in Michigan. Although he told the Board he would advise it of that final disposition promptly and, in any event, provide a report of progress in that proceeding by a specified date, he did neither. Attorney Kortsch also did not reply to a subsequent letter from the Board requesting a substantive response to its inquiry. Thereafter, Attorney Kortsch did not return telephone calls from the Board and did not appear at an investigative meeting as he had been required to do.

The referee concluded that Attorney Kortsch's practice of law in the federal court in Michigan while suspended from practice in Wisconsin and his failure to

notify that court of the suspension violated SCR 20:5.5(a), which proscribes a lawyer's practicing in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction. The referee also concluded that Attorney Kortsch's failure to cooperate with the Board during its investigation violated SCR 21.03(4)[1] and 22.07(3).[2] As discipline for that misconduct, the referee recommended that the court suspend Attorney Kortsch's license to practice law in Wisconsin for a period of 60 days and further recommended that he be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and impose the discipline recommended.

IT IS ORDERED that the license of Francis J. Kortsch to practice law in Wisconsin is suspended for 60 days, commencing June 26, 1995.

IT IS FURTHER ORDERED that within 60 days of the date of this order Francis J. Kortsch pay to the Board of Attorneys Professional Responsibility the costs of this

---

[1] SCR 21.03 provides, in part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[2] SCR 22.07 provides, in part:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Francis J. Kortsch to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Francis J. Kortsch comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.